## W. H. MOSBEY v. THE STATE.

### No. 4079. Decided October 28, 1908.

**Theft—Bailee—Variance.**

Where the property alleged to have been converted by defendant as bailee was shown by the evidence to have been the property at the time of the conversion of another person than the one alleged in the indictment, the variance between the allegation and the proof was fatal and reversible error.

Appeal from the District Court of Atascosa. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John W. Preston* and *N. A. Rector,* for appellant.

*F. J. McCord,* Assistant Attorney-General for the State.

BROOKS, JUDGE.—Appellant was convicted of theft, and his punishment assessed at two years confinement in the penitentiary.

The facts in the case show that appellant organized a masonic lodge at Pleasanton in Atascosa County, being duly authorized to so do by one McKinney, whose home was in Sherman. That the prosecuting witness, Henry Ross, was elected treasurer of the lodge. Certain fees and dues for initiation and otherwise were turned over by Henry Ross to appellant, who was duly authorized under the facts in this case to receive same. Appellant claims that the money belonged to himself and to said McKinney, and there is evidence showing, on his part, that he paid McKinney his part of the money. But be this as it may, appellant did not steal or embezzle any money or obtain same as bailee from the prosecuting witness Ross. Under the facts, as disclosed by this record, if the money belonged to anybody other than appellant, it belonged to the said McKinney, who lived in Sherman, Texas, since Mosbey was working under the authority of said McKinney, who was grand master of the lodge. Appellant's employment coming from the said McKinney and not from the prosecuting witness Ross, it is clearly erroneous to base a prosecution upon any idea of embezzlement of Ross' money or theft of property belonging to Ross, since it did not belong to said Henry Ross.

There being a fatal variance between the allegation and proof, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Ramsey, Judge, absent.